THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS W. HURDLE AND<br>STEPHEN J. NARENDORF,<br><br>　　　Plaintiffs,<br><br>v.<br><br>GETRONICS USA, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-08-02615<br>(JURY) |

PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

SUMMARY OF SUIT

1. Plaintiffs Thomas W. Hurdle and Stephen J. Narendorf were employed by Getronics USA, Inc. (the "Company"), a wholly owned subsidiary of KPN, a leading international telecommunications and information, communication and technology service provider.

2. Hurdle and Narendorf were employed by the Company as information technology systems administrators providing onsite computer support services to the Company's clients and customers. Hurdle and Narendorf, non-exempt employees, were paid a salary and were not paid for any hours worked over forty (40) in a workweek.

3. Since the filing of Plaintiff Hurdle and Narendorf's Original Complaint, Charles Grubb, Jaime Gonzalez, Maria Mendoza, Joseph Castain, and Robert Smith ("the consent Plaintiffs") have filed their consents with the Court seeking to opt in to this collective action. These consent Plaintiffs, like Plaintiffs Hurdle and Narendorf, are former employees of Defendant who performed the same duties as Hurdle and Narendorf, and who were not

paid time and one half their regular rate for all hours worked over forty (40) in a workweek. The consent Plaintiffs were subject to the same terms and conditions as Plaintiffs Hurdle and Narendorf, and were all non-exempt employees.

4. Accordingly, Plaintiffs Hurdle, Narendorf, and the Consent Plaintiffs (collectively "Plaintiffs") bring this suit to recover unpaid wages and expenses, unpaid overtime wages, liquidated damages, and attorneys' fees owed to them under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.A § 216(b)(West 2009).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 29 U.S.C.A. § 216(b)(West 2009) and 28 U.S.C.A. §§ 1331 and 1367 (West 2009).

6. Plaintiffs file this Complaint in the district in which a substantial part of the events or omissions giving rise to the claims occurred, and in which the Company resides. As such, venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b)(West 2009).

## THE PARTIES

7. Plaintiffs were employed by the Company during the three (3) year period preceding the filing of this Complaint. Plaintiffs routinely worked more than forty (40) hours per week while employed by the Company, for which time they were not paid. In performing their duties, Plaintiffs were engaged in commerce or the production

of goods for commerce. The consents for all Plaintiffs have previously been filed.

8. The Company is a foreign corporation authorized to do business in the State of Texas. The Company is an enterprise engaged in commerce or the production of goods for commerce and has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs, and has already made an appearance in this matter.

9. The "Members of the Class" are all current and former salaried technology systems administrators who were employed by the Company during the three (3) year period preceding the filing of this complaint. Like Plaintiffs, these persons engaged in commerce or in the production of goods for commerce in performing their duties for the Company. These similarly situated persons are referred to as "Members of the Class" or "the Class."

### BACKGROUND

#### A. Plaintiffs' Individual Allegations

10. Plaintiffs were employed by the Company as technology systems administrators. Plaintiffs were falsely classified by the Company as "exempt" for purposes of overtime compensation and, as such, they were not paid at one and one-half times their regular rates for hours worked in excess of forty (40) hours each workweek. Instead, the Company paid Plaintiffs a weekly salary regardless of the total number of hours worked in excess of forty (40) hours per

pay period.

11. As non-exempt employees, Plaintiffs were entitled to be paid at time-and-one-half their appropriate hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C.A. § 207(a)(2009). Accordingly, the Company's practice of failing to pay Plaintiffs time-and-one-half their appropriate regular hourly rate for all overtime hours worked was and is in violation of the FLSA.

12. No exemption excuses the Company from paying Plaintiffs overtime rates for all hours worked over forty (40) hours per week. Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

13. Other employees have been victimized by the Company's pay practices and policies which are in willful violation of the FLSA. Many of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Company have been imposed on the Members of the Class.

14. The Members of the Class performed work which is similar in nature to that performed by the Plaintiffs, i.e., providing onsite computer support services to the Company's clients and customers. Accordingly, the employees victimized by the Company'

unlawful practices are similarly situated to the Plaintiffs in terms of their job duties.

15. Further, each member of the class was paid a salary. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

16. The Company's failure to pay overtime compensation as required by the FLSA results from a generally applicable policy which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Members of the Class.

17. No justification exists for the Company's failure to pay the Members of the Class for all hours worked each day. Additionally, no exemption excuses the Company from paying the Members of the Class overtime pay for all hours worked over forty (40) per workweek. Nor has the Company made a good faith effort to comply with the FLSA. As such, the Company knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

18. Accordingly, the class of similarly situated Plaintiffs

is properly defined as:

> All current and former full-time technology systems administrators employed by the Company during the three-year period preceding the filing of this Complaint.

## CAUSES OF ACTION

### Violation of the FLSA-Failure to Pay Overtime Wages

19. Plaintiffs incorporate all allegations contained in paragraphs 1-18.

20. Although Plaintiffs and the Members of the Class routinely worked more than forty (40) hours per week, neither Plaintiffs nor the Members of the Class were compensated at one-and-one-half times their regular rate for all such hours. The Company's practice of failing to pay Plaintiffs and the Members of the Class all of their overtime pay was and is in violation of the FLSA.

21. Plaintiffs and the Members of the Class are therefore entitled to overtime pay in an amount which is one-and-one-half times their appropriate regular rates for all hours worked over forty (40) hours in a workweek.

22. Additionally, Plaintiffs and the Members of the Class are entitled to an additional amount equal to all their unpaid overtime wages as liquidated damages.

23. Finally, Plaintiffs and the Members of the Class are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C.A. § 216(b)(West 2009).

<u>JURY DEMAND</u>

24. Plaintiffs request a trial by jury.

<u>PRAYER</u>

WHEREFORE, Plaintiffs Thomas W. Hurdle, Stephen J. Narendorf, Charles Grubb, Jaime Gonzalez, Maria Mendoza, Joseph Castain, and Robert Smith request that this Court award them and Members of the Class judgment against Defendant Getronics USA, Inc. for:

a. damages for the full amount of their unpaid overtime compensation;

b. an amount equal to their unpaid overtime compensation as liquidated damages;

c. reasonable attorneys' fees, costs, and expenses of this action;

d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as they may be allowed by law.

Respectfully submitted,

*/s/ Mark Siurek*

Mark Siurek
TBA# 18447900
Fed ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com


LAW OFFICE OF DOUGLAS B. WELMAKER
Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3355 West Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com